| | | |
|---|---|---|
| Atrium 5 Limited, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| Double O Country Club, Sunny P. Orr, Justin | ) | |
| R. Greeno, and Christina N. Bradley, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Atrium 5 Limited ("Plaintiff" or "Atrium"), pursuant to 28 U.S.C.A. 2201, *et seq.* and files this action, seeking a declaration of non-coverage on an insurance policy, as follows:

**JURISDICTION AND VENUE**

1.

Atrium is a foreign entity organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.

2.

Defendant Double O Country Club was a Tennessee non-profit corporation with its principal office at 1084 Highway 30 W, Athens, McMinn County, Tennessee. Defendant Double O Country Club was administratively dissolved by the Tennessee Secretary of State on or around August 22, 2008. Sunny P. Orr is and/or was the Registered Agent for Double O Country Club. Service of process may be perfected by certified return receipt mail to Sunny P. Orr in accordance with Fed. R. Civ. P. 4(h)(1)(A) and Tennessee law.

3.

Defendant Sunny P. Orr is a citizen of Decatur, Meigs County, Tennessee. Service of process may be perfected by certified return receipt mail to Sunny P. Orr in accordance with Fed. R. Civ. P. 4(e)(1) and Tennessee law.

4.

Defendant Justin R. Greeno is a citizen of Athens, McMinn County, Tennessee Service of process may be perfected by certified return receipt mail to Justin R. Greeno in accordance with Fed. R. Civ. P. 4(e)(1) and Tennessee law.

5.

Defendant Christine N. Bradley is a citizen of Riceville, McMinn County, Tennessee. Service of process may be perfected by certified return receipt mail to Christine N. Bradley in accordance with Fed. R. Civ. P. 4(e)(1) and Tennessee law.

6.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this action is between citizens of the state of Tennessee and the subject of a foreign state, the United Kingdom. The Plaintiff and the Defendants are completely diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred in McMinn County, Tennessee.

8.

Atrium is uncertain as to its duties, rights, and obligations, and an actual controversy exists. Atrium, therefore, files this declaratory judgment action to resolve questions of coverage under a policy of insurance, pursuant to 28 U.S.C. § 2201, *et seq.*

## THE UNDERLYING FACTS

9.

Policy No. LLG052798, which provides liability coverage for the period November 8, 2008, to November 8, 2009 (the "Policy"), subject to its terms and conditions incorporated herein by reference as if fully set forth herein, was issued to "Double 'O' Country Club, Inc." *(A true and correct copy of the Policy No. LLG052798 is attached hereto as Exhibit "A").* Atrium subscribed to the Policy. The Policy has limits of liability as follows: $600,000 for General Aggregate other than Products/Completed Operations; $300,000 for Each Occurrence Limit; $300,000 for Products/Completed Operations Aggregate; $300,000 for Personal and Advertising Injury Limit; $50,000 for Damage To Premises Rented To You Limit; $1,000 for Medical Expense Limit, all subject to a $1,000 per occurrence deductible.

10.

At all relevant times, Double O County Club was a restaurant and/or other establishment that served alcoholic drinks located at 1084 Highway 30 W. Athens, McMinn County, Tennessee.

11.

At all relevant times, Defendant Sunny P. Orr was a principal of Double O County Club and/or did business as Double O Country Club.

12.

Christina N. Bradley filed a lawsuit against Double O Country Club, Sunny P. Orr (collectively "the Double O Country Club Defendants"), and Justin R. Greeno in the Circuit Court for McMinn County, Tennessee seeking damages arising from personal injuries she allegedly sustained in a car accident.

13.

Ms. Bradley alleged in her lawsuit that the driver of the car in which she was injured, Justin R. Greeno, was intoxicated and had consumed alcoholic beverages at the Double O Country Club.

14.

Ms. Bradley further alleged that Mr. Greeno was visibly and/or obviously intoxicated when he was served alcoholic beverages at the Double O Country Club. A copy of Ms. Bradley's Second Amended Complaint is attached hereto and the allegations contained therein are incorporated by reference herein, as the allegations of Ms. Bradley. *(A true and correct copy of the Second Amended Complaint filed in the Circuit Court of McMinn County, Tennessee, Civil Action No. 28319 is attached hereto as Exhibit "B").*

15.

Ms. Bradley alleges that she has suffered damages as a result of the car accident, including severe and permanent physical injuries, pain and suffering, medical expenses, and loss of income, arising from the amputation of her left arm, fractured vertabra, sacrum, and ribs, lacerated spleen, skin lacerations and abrasions, and a broken tooth caused by the accident. Ms. Bradley seeks compensatory and punitive damages.

16.

The Double O Country Club Defendants have made a claim for defense and indemnity under Policy No. LLG052798 for the lawsuit brought against them by Ms. Bradley. Atrium is providing a defense to the Double O Country Club Defendants under a reservation of rights, as the Policy should not provide coverage.

17.

The Policy contains a Liquor Liability Exclusion barring coverage under the Policy as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

\* \* \*

**2. Exclusions**

This Insurance does not apply to:

\* \* \*

c. Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

\* \* \*

## COMBINATION ENDORSEMENT – LIABILITY INSURANCE

**THE FOLLOWING ENDORSEMENTS, EXCLUSIONS AND CONDITIONS MODIFY INSURANCE PROVIDED UNDER THE FOLLOWING COVERAGE PARTS. THEY CHANGE THE POLICY. PLEASE READ THEM CAREFULLY.**

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

## AMENDMENT OF LIQUOR LIABILITY EXCLUSION

Exclusion c. of SECTION I - COVERAGE A is replaced by the following:

c. "Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:

(1) Causing or contributing to intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you:

(1) Manufacture, sell or distribute alcoholic beverages;

(2) Serve or furnish alcoholic beverages without a charge whether or not such activity:

> (a) Requires a license; or

> (b) Is for the purpose of financial gain or livelihood;

(3) Serve or furnish alcoholic beverages without a charge, if a license is required for such activity; or

(4) Are the owner or lessor of premises used for such purposes.

18.

The Policy contains an exclusion regarding Punitive or Exemplary Damages barring coverage under the Policy as follows:

## SECTION I – COVERAGES

## COVERAGE A

## BODILY INJURY AND PROPERTY DAMAGE LIABILITY

6

* * *

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

* * *

## COVERAGE C MEDICAL PAYMENTS

* * *

## COMBINATION ENDORSEMENT – LIABILITY INSURANCE

**THE FOLLOWING ENDORSEMENTS, EXCLUSIONS AND CONDITIONS MODIFY INSURANCE PROVIDED UNDER THE FOLLOWING COVERAGE PARTS. THEY CHANGE THE POLICY. PLEASE READ THEM CAREFULLY.**

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * *

## EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES, FINES OR PENALTIES

The following exclusion is added to SECTION I - COVERAGES A, B AND C:

This insurance does not apply to any claim, or provide any indemnity, for punitive or exemplary damages, fines or penalties of any kind whatsoever. If a suit seeking both compensatory and punitive or exemplary damages has been brought against you for a claim otherwise within the coverage provided by this policy, we will provide a defense for such action. We will not have any obligation to pay for any costs, interest or other sums of any kind attributable to punitive or exemplary damages, or any fines or penalties of any nature.

19.

The Policy contains an exclusion regarding Expected or Intended Injury barring coverage under the Policy which states:

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY

## DAMAGE LIABILITY

* * *

**2. Exclusions**

This Insurance does not apply to:

a. Expected or Intended injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the Insured. This exclusion does not apply to -bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

## COMBINATION ENDORSEMENT – LIABILITY INSURANCE

**THE FOLLOWING ENDORSEMENTS, EXCLUSIONS AND CONDITIONS MODIFY INSURANCE PROVIDED UNDER THE FOLLOWING COVERAGE PARTS. THEY CHANGE THE POLICY. PLEASE READ THEM CAREFULLY.**

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

## EXCLUSION - EXPECTED OR INTENDED INJURY

Exclusion a. under SECTION I - COVERAGE A is replaced by the following:

a. "Bodily injury" or "property damage" expected or intended from the standpoint of any insured;

### COUNT 1 – DECLARATORY JUDGMENT

#### Liquor Liability Exclusion

20.

Atrium incorporates each and every one of the preceding paragraphs, as if fully set forth herein.

21.

The claims brought against the Double O Country Club Defendants by Ms. Bradley arise out of the sale and/or service of alcoholic beverages to a visibly and/or obviously intoxicated person by the Double O Country Club, through its agents and employees.

22.

The claims brought against the Double O Country Club Defendants by Ms. Bradley are specifically and expressly excluded from coverage under the Policy by the Liquor Liability Exclusion.

23.

Therefore, Atrium requests that the Court declare there is no coverage under the Policy for these claims.

## COUNT II – DECLARATORY JUDGMENT

### Punitive or Exemplary Damages

24.

Atrium incorporates each and every one of the preceding paragraphs, as if fully set forth herein.

25.

In her lawsuit, Ms. Bradley seeks punitive damages against the Double O Country Club Defendants.

26.

The Policy's exclusion regarding Punitive or Exemplary Damages specifically and expressly bars coverage for such damages.

9

27.

Therefore, Atrium requests that the Court declare there is no coverage under the Policy for these claims.

## COUNT III – DECLARATORY JUDGMENT

### Expected or Intended Injury

28.

Atrium incorporates each and every one of the preceding paragraphs, as if fully set forth herein.

29.

In her lawsuit, Ms. Bradley alleges that the Double O Country Club, through its agents and employees, sold and served alcoholic beverages to a visibly and/or obviously intoxicated person.

30.

In her lawsuit, Ms. Bradley further alleges that the Double O Country Club, through its agents and employees, "knew or should have known" that Mr. Greeno was visibly and/or obviously intoxicated.

31.

The Double O Country Club, through its agents and employees, intended to sell and serve alcoholic beverages to a visibly and/or obviously intoxicated person and expected that such injury would result.

32.

The Policy's Expected or Intended Injury provision bars coverage for such claims.

33.

Therefore, Atrium request that the Court declare there is no coverage under the Policy for these claims.

**WHEREFORE,** Atrium hereby requests that a declaratory judgment be entered in favor of Atrium determining and providing that Atrium does not owe the Double O Country Club or Sunny P. Orr a duty of indemnity or defense under the Policy and an award of all other relief, in law and equity, to which Atrium may be entitled.

This 23rd day of April 2010.

FIELDS HOWELL
191 Peachtree Street, Suite 4600
Atlanta, GA 30303
Telephone: 404.214.1250
Facsimile: 404.214.1251

Nanette L. Wesley
Tennessee Bar No.: 19197

*Attorney for Plaintiff*